# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JOSEPH SAM**                                                    **CIVIL ACTION**

**VERSUS**                                                        **NO.  08-5064**

**STATE OF LOUISIANA**                                            **SECTION "I"(2)**


## ORDER ON MOTION;
## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  <u>See</u> 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, the plaintiff's Motion to Amend and Clarify Federal Habeas Corpus (Rec. Doc. No. 18) is **GRANTED**. In addition, I recommend that petitioner's Motion for Partial Summary Judgment (Rec. Doc. No. 23) be **DENIED** and that the instant petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

# I. FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Joseph Sam, is incarcerated in the Forcht/Wade Correctional Center in Keithville, Louisiana.[2]  Sam was charged by bill of information in Jefferson Parish on March 26, 2002, with distribution of cocaine.[3]  The bill was later amended on April 17, 2003, to add a co-defendant, Kraig V. Marks, and to change the charged offense to possession with intent to distribute cocaine.[4]  The Louisiana Fifth Circuit Court of Appeal summarized the facts of the case in relevant part as follows:

> On March 7, 2002, between 10:15 and 10:30 a.m., Detective Robert Gerdes of the Jefferson Parish Sheriff's Office received information from a "confidential informant" that a wheelchair-bound double-amputee named "Kraig" was distributing cocaine from Room 101 at the Days Inn Motel at 3750 Westbank Expressway in Harvey.  Further, the informant told Detective Gerdes that a black man known as "Kid," who drives a white Lincoln Continental, would be delivering cocaine to Kraig at the motel between 11:15 and 11:45 a.m. that morning.  Detective Gerdes related this information to Sergeant Bruce Harrison of the Jefferson Parish Sheriff's Office.
>
> Sergeant Harrison testified that Detective Gerdes told him that a white male with long black hair named "Kraig," who was a "double amputee in his legs," was distributing cocaine from Room 101 at the Days Inn.  Sergeant Harrison and three other officers established surveillance of the motel around 11:00 a.m. on March 7, 2002.  Sergeant Harrison testified that he observed a white male, who was a double amputee, coming out of Room 101 in a wheelchair.  The man was accompanied by a female and another white male.  The three individuals moved clothing and other items from Room 101 to 103.
>
> At approximately 11:30 a.m., the officers spotted a white Lincoln Continental entering the motel's parking lot.  Sergeant Harrison pulled his vehicle in front of defendant's car and another JPSO officer blocked defendant's vehicle from the rear.  Defendant placed his vehicle in reverse, but stopped when he

---

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 12, Bill of Information, 3/26/02.

[4]Id. (handwritten notation).

realized another police vehicle had blocked his vehicle. Sergeant Harrison and the other officers ran to defendant's vehicle with their weapons drawn and verbally identified themselves as police.

Sergeant Harrison, with his badge displayed, tried to open defendant's vehicle's driver's side door, which was locked. When Sergeant Harrison ordered defendant to open the door, defendant reached for his right front pocket. Sergeant Harrison ordered defendant to stop reaching toward his pocket and unlock the vehicle's doors. Defendant complied with both orders and Sergeant Harrison removed defendant from the vehicle. Sergeant Harrison placed defendant face-down on the ground and patted defendant's right front pocket to check for weapons. As Sergeant Harrison patted defendant's pocket, he felt crack cocaine and placed defendant under arrest. Thereafter, he retrieved four plastic bags, two clear bags that contained a "chunky" white powder and two amber bags that contained large off-white "chunks" from defendant's right front pocket.

At trial, Charles Krone, who was accepted as an expert in forensic science, testified that the substances inside of the four bags seized from defendant tested positive for cocaine. The two clear bags contained 6.44 grams of cocaine hydrochloride. The two amber bags contained 5.53 grams of base cocaine, which is commonly referred to as crack cocaine.

Sergeant Harrison testified that he had been a police officer for twenty years, with eighteen of those years in narcotics enforcement. Sergeant Harrison, was accepted, without objection, as an expert in the field of use, packaging, distribution, and value of narcotics. According to Sergeant Harrison, the handling of crack cocaine was part of that expertise. Further, Sergeant Harrison testified that he had been qualified as a narcotics expert over one hundred times in Orleans Parish and in every section in the Twenty-Fourth Judicial District Court for Jefferson Parish.

At trial, Sergeant Harrison opined that defendant intended to distribute the cocaine that was in his possession because he had two different types of drugs in four individual packets that each weighed approximately the same amount. Further, the crack, which was broken into smaller pieces, appeared to be ready for retail distribution. According Lieutenant Harrison, twelve grams of cocaine, which is the amount that the defendant was holding, contains between 60 and 120 individual portions. Lieutenant Harrison stated that, in his estimation, one person could not consume the amount of crack cocaine that defendant was holding in one or two days, much less both the powdered and crack cocaine. Lieutenant Harrison also testified that the fact defendant was not carrying a pipe to smoke the crack or a straw to inhale the powder was inconsistent with possession for personal use. Lieutenant Harrison acknowledged that defendant was not in possession of any money or weapons.

At trial, defendant testified that he was going to the motel to rent a room to use drugs, not to deliver them. Defendant testified, at the suppression hearing,

that, as soon as he pulled into the motel's parking lot, a van blocked him in the front and the police "bum rushed" his car. He instinctively put the vehicle in reverse, which automatically locked the car's doors.

According to defendant, after he stopped, ten police officers ran up to the car, yelled at him, beat on the vehicle's glass with their guns, and shot "some to the window." Defendant said that, initially, he was in shock but, when he realized what had happened, he unlocked the vehicle's doors. Sergeant Harrison grabbed him and slammed him on the ground. He said that the other officers began kicking him in his face and chin. Defendant said that Sergeant Harrison went directly into his pocket and seized the crack cocaine. Defendant admitted that he had several prior convictions.

According to defendant, who was accepted as an expert in the field of cocaine consumption habits by cocaine addicts, the amount of cocaine seized from him would not be inconsistent with personal use. Defendant explained that, as in other retail markets, one obtains a better deal on drugs by buying in larger amounts. Defendant said that normally a single rock costs $20. When a user purchases an "eight ball," the user can "cut" ten rocks off of an "eight ball." He admitted that he paid $100 for each of the "eight ball" bags, which, in his estimation, equated to approximately half price per rock. Defendant did admit that even a drug user with a severe addiction would be unable to consume this amount of cocaine in two days.

State v. Sam, 905 So.2d 379, 381-383 (La. App. 5th Cir. 2005); State Record Volume 11 of 12, Louisiana Fifth Circuit Opinion, 05-KA-88, pp. 3-6, May 31, 2005.

Prior to trial, Sam's counsel filed a motion to suppress the evidence and statements, alleging that the arrest was illegal and the search warrant was issued without sufficient probable cause.[5] After hearings began on the motion, counsel was ordered to file a supporting memorandum in which he made three arguments:[6] (1) Sergeant Harrison exceeded the permissible boundaries of "pat down for weapons" and acted without

---

[5] St. Rec. Vol. 1 of 12, Motion to Suppress, 4/2/02.

[6] St. Rec. Vol. 1 of 12, Hearing Minutes, 8/7/02; Hearing Minutes, 12/5/02; Minute Entry, 2/6/03; Memorandum in Support of Motion to Suppress, 2/12/03; St. Rec. Vol. 8 of 12, Hearing Transcript, 8/7/02; Hearing Transcript, 12/5/02.

probable cause as required by <u>Terry v. Ohio</u>, 392 U.S. 1 (1968).[7] (2) Sergeant Harrison did not have probable cause to arrest Sam because the arrest flowed from the illegal search and seizure of the cocaine from his pocket. (3) Sergeant Harrison did not make a valid search incident to the arrest because the arrest resulted from the illegal search and seizure. The state trial court orally denied the motion to suppress in open court on April 10, 2003.[8]

Sam filed a pro se writ application in the Louisiana Fifth Circuit Court of Appeal seeking review of the denial of the motion.[9] The court denied the writ stating, "Relator has an adequate remedy on appeal, if necessary."[10]

Sam thereafter filed a pro se writ application to the Louisiana Supreme raising only two grounds for relief:[11] (1) The information received from the confidential informant was not sufficient to establish probable cause or reasonable suspicion for an investigatory stop and detention. (2) The search and seizure of items from his pocket violated the Fourth and Fourteenth Amendments and <u>Terry v. Ohio</u>. The Louisiana

---

[7]In <u>Terry</u>, the United States Supreme Court held that an officer may stop an individual when he suspects that the person is committing, has committed, or is about to commit a crime to determine the person's identity and an explanation for his actions.

[8]St. Rec. Vol. 1 of 6, Hearing Minutes, 4/10/03; St. Rec. Vol. 10 of 12, Hearing Transcript, 4/10/03.

[9]St. Rec. Vol. 1 of 12, Notice of Intent to Seek Remedial Writ, 6/5/03; Trial Court Order, 6/18/03.

[10]St. Rec. Vol. 1 of 12, 5th Cir. Order, 03-KH-726, 7/9/03.

[11]St. Rec. Vol. 11 of 12, La. S. Ct. Writ Application, 03-KH-2085, 7/25/03; St. Rec. Vol. 1 of 12, La. S. Ct. Letter, 2003-KH-2085, 7/25/03 (postmarked 7/21/03); Notice of Intent, 7/21/03.

Supreme Court denied the writ application without reasons on September 5, 2003.[12]

Shortly thereafter, on September 9, 2003, the State chose to sever the trials of each

defendant.[13]

On March 17, 2004, co-defendant Marks entered a plea of guilty to possession

with intent to distribute cocaine and received a five-year sentence.[14]

After waiver of his right to a jury trial, Sam was tried before the state trial judge

on April 28, 2004, and was found guilty as charged.[15]  On May 6, 2004, the state trial

court sentenced Sam to 15 years at hard labor.[16]  The State also filed a multiple offender

bill, to which Sam entered a plea of not guilty.[17]

---

[12]State v. Sam, 852 So.2d 1026 (La. 2003); St. Rec. Vol. 11 of 12, La. S. Ct. Order, 2003-KH-2085, 9/5/03.

[13]St. Rec. Vol.1 of 12, Minute Entry, 9/9/03; St. Rec. Vol. 8 of 12, Hearing Transcript, 9/9/03. On November 4, 2003, Sam filed a petition in this court pursuant to 28 U.S.C. § 2241 in which he raised pretrial challenges alleging unlawful stop, search and seizure, malicious prosecution and denial of a speedy trial. Civ. Action No. 03-3122"I"(2), Rec. Doc. Nos. 1, 7, 10.  The petition was dismissed without prejudice for failure to exhaust state court remedies on March 19, 2004.  Civ. Action No. 03-3122"I"(2), Rec. Doc. Nos. 27, 28.

[14]St. Rec. Vol. 1 of 12, Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty, 3/17/04; Plea Minutes (Marks), 3/17/04.

[15]St. Rec. Vol. 1of 12, Trial Minutes, 4/28/04; St. Rec. Vol. 9 of 12, Trial Transcript, 4/28/04.

[16]St. Rec. Vol. 1 of 12, Sentencing Minutes, 5/6/04; St. Rec. Vol. 9 of 12, Sentencing Transcript, 5/6/04.

[17]St. Rec. Vol. 1 of 12, Sentencing Minutes, 5/6/04; Multiple Bill, 5/5/04.

After hearings held on August 19 and September 23, 2004, the state trial court found Sam to be a third felony offender.[18]  The court vacated the original sentence and sentenced Sam to serve 25 years in prison without benefit of parole, probation or suspension of sentence and without good-time eligibility.

On direct appeal to the Louisiana Fifth Circuit, Sam's counsel raised two grounds for relief:[19] (1) The trial court erred in denying the motion to suppress because Sergeant Harrison's testimony was inconsistent and not worthy of credit, and the seizure of cocaine from Sam's pocket violated the "plain feel" exception because Sergeant Harrison had to squeeze the bag to identify the contraband. (2) The trial court erred in restricting Sam's good-time eligibility.  The court affirmed the conviction, finding no merit in Sam's first claim, but amended Sam's sentence to remove the good-time eligibility restriction.[20]  Counsel's application for rehearing was refused on July 8, 2005.[21]

---

[18]St. Rec. Vol. 1 of 12, Hearing Minutes, 8/19/04; Hearing Minutes, 9/23/04; St. Rec. Vol. 9 of 12, Multiple Bill Hearing Transcript, 8/19/04; Multiple Bill Hearing Transcript, 9/23/04.

[19]St. Rec. Vol. 9 of 12, Appeal Brief, 05-KA-88, 2/22/05; State v. Sam, 905 So.2d at 383, 386; St. Rec. Vol. 11 of 12, 5th Cir. Opinion, 05-KA-88, 5/31/05.

[20]State v. Sam, 905 So.2d at 386, 387; St. Rec. Vol. 11 of 12, 5th Cir. Opinion, 05-KA-88, 5/31/05.  The appellate court also ordered the state trial court to amend the commitment order and minute entry to reflect that the correct charge was possession with intent to distribute.

[21]St. Rec. Vol. 9 of 12, Application for Rehearing, 05-KA-88, 6/14/05; 5th Cir. Notice, 05-KA-88, 7/8/05.

On August 9, 2005, Sam's counsel filed a timely[22] writ application with the Louisiana Supreme Court seeking review of three claims:[23] (1) The appellate court erred in considering evidence from the trial when evaluating the denial of the motion to suppress evidence seized without a warrant. (2) The appellate court erred in finding no inconsistencies in Sergeant Harrison's testimony. (3) The appellate court erred in affirming the denial of the motion to suppress because the pat-down search had exceeded the scope allowed in Terry v. Ohio. The Louisiana Supreme Court denied the application without reasons on March 10, 2006.[24]

Sam's conviction became final 90 days later, on June 8, 2006, when he did not file a writ application with the United States Supreme Court. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1).[25]

---

[22]Pursuant to La. Code Crim. P. art. 922 and La. S. Ct. R. X§5, petitioner had 30 days from the denial of the application for rehearing to file a writ application in, or mail one to, the Louisiana Supreme Court. Counsel's subsequent writ application had a postmark of August 8, 2005, which was thirty days after the refusal of the rehearing. See St. Rec. Vol. 1 of 12, La. S. Ct. Letter, 2005-K-2100, 8/10/00 (indicating file date of 8/9/05 and postmark of 8/8/05); St. Rec. Vol. 11 of 12, La. S. Ct. Writ Application, 05-K-2100, 8/9/05 (postmarked 8/8/05); Causey v. Cain, 450 F.3d 601 (5th Cir. 2006).

[23]St. Rec. Vol. 11 of 12, La. S. Ct. Writ Application, 05-K-2100, 8/9/05 (postmarked 8/8/05).

[24]State v. Sam, 925 So.2d 510 (La. 2006); St. Rec. Vol. 11 of 12, La. S. Ct. Order, 2005-K-2100, 3/10/06.

[25]On June 23, 2006, Sam filed a petition for federal habeas corpus relief in Civ. Action No. 06-2963"I"(2), seeking relief on the following grounds: (1) His arrest was unlawful because the confidential informant was not reliable to establish probable cause or reasonable suspicion. (2) He was subjected to

On March 9, 2007, Sam filed a motion in the state trial court seeking leave to amend his application for post-conviction relief.[26] The court denied the motion, finding that the record did not contain any application that could be amended.[27] As instructed, on March 19, 2007, Sam submitted an application, which the court filed on March 28, 2007, raising two grounds for relief:[28]

(I) He was denied effective assistance of counsel because:

(1) counsel failed pretrial to raise malicious prosecution and to argue that the State offered no factual basis on which to rely on information received from confidential informants;

(2) counsel failed to object to the State's introduction of involuntary statements from confidential informants;

---

an unconstitutional search and seizure. (3) The state trial court erred in denying the motion to suppress based on the contradictory testimony of Sergeant Harrison. (4) The state trial court should have suppressed Sergeant Harrison's search and seizure for lack of a justified reason. (5) The seizure and search by Sergeant Harrison were outside of the scope of a <u>Terry</u> frisk because the officer did not believe that the object in Sam's front pocket was a weapon. (6) Sergeant Harrison used a <u>Terry</u> frisk to search for evidence by continuing to search after he concluded that Sam was unarmed. (7) Sam was denied due process on review of the search and seizure claims. (8) The Louisiana Fifth Circuit erred in considering trial evidence when ruling on the denial of the motion to suppress evidence seized without a warrant. (9) Sergeant Harrison's physical manipulation of Sam's front pocket with his fingers violated the Fourth Amendment prohibition against unreasonable searches. (10) The information received from the confidential informant did not provide sufficient facts and circumstances to justify the stop, search and seizure. Civ. Action No. 06-2963"I"(2), Rec. Doc. No. 3. The court dismissed the petition without prejudice for failure to exhaust state court remedies on January 11, 2007. Civ. Action No. 06-2963"I"(2), Rec. Doc. Nos. 25, 26.

[26]St. Rec. Vol. 2 of 12, Motion to Amend Post-Conviction Relief, 3/9/07.

[27]St. Rec. Vol. 2 of 12, Trial Court Order, 3/14/07.

[28]St. Rec. Vol. 2 of 12, Uniform Application for Post-Conviction Relief, 3/28/07 (signed 3/19/07).

(3) counsel failed to object to the State's introduction of extorted and coerced statements from confidential informants;

(4) counsel failed to call as a defense witness the driver of the car who could testify as to the coercion used to extort information from confidential informants;

(5) counsel failed to address in open court that this was a vindictive prosecution because he exercised his right to sue the prosecutor;

(6) counsel failed to address in open court the selective nature of the prosecution against him; and

(7) appellate counsel failed to supplement the record with his pro se writ application challenging the credibility of confidential informants.

(II)    He was denied due process and equal protection because he was denied a full hearing after each stage of the criminal proceedings.

On May 4, 2007, Sam moved the court to compel the State to file an opposition to his application, which was denied by the court on May 30, 2007.[29] Sam sought review of this order in the Louisiana Fifth Circuit, and, on June 21, 2007, the court denied the application, finding no error in the trial court's ruling and also finding it moot because the trial court had by that time ruled on the application.[30]

In its ruling, issued June 1, 2007, the state trial court denied relief. The court held that subparts 1, 5 and 6, of the first claim, raising ineffective assistance of counsel, were actually repetitive challenges to the motion to suppress already addressed by the trial

_____

[29]St. Rec. Vol. 2 of 12, Motion to Compel Opposition, 5/4/07; Trial Court Order, 5/30/07.

[30]St. Rec. Vol. 2 of 12, 5th Cir. Order, 07-KH-372, 6/21/07.

court and the appellate court. The court dismissed these subparts pursuant to La. Code Crim. P. arts. 930.4(B) and (C). The court found that subpart 2 was actually a challenge to the introduction of evidence which should have been raised previously and which was now procedurally barred under La. Code Crim. P. art. 930.4. The court also noted that the appellate court had already held that the information from the confidential informant was reliable. The court further denied as meritless the issues addressed in subparts 3, 4, and 7. As for the second claim, alleging denial of due process and equal protection, the court found this repetitive of Sam's challenges to the denial of the motion to suppress and declined to revisit the claim already addressed by the trial court and the appellate court.

Thereafter, on July 23, 2007, the trial court denied as moot Sam's motion demanding a ruling on his application for post-conviction relief.[31] On July 26, 2007, the Louisiana Fifth Circuit denied a writ application filed by Sam seeking repetitive relief with regard to the State's failure to file an opposition.[32]

Over the next month, Sam filed two notices of intent to seek review of the trial court's June 1, 2007, denial of his application for post-conviction relief.[33] The state trial

---

[31]St. Rec. Vol. 2 of 12, Application for Writ of Mandamus, 7/17/07; Trial Court Order, 7/23/07.

[32]St. Rec. Vol. 2 of 12, 5th Cir. Order, 07-KH-536, 7/26/07.

[33]St. Rec. Vol. 2 of 12, Notice of Intent to Apply for Writs, 8/8/07. The record does not appear to contain a copy of the second notice referenced in the trial court's August 4, 2007, order.

court declined to set a return date finding that the notices were untimely filed beyond 30 days after its ruling.[34]

In the meantime, on August 30, 2007, Sam filed a writ application with the Louisiana Fifth Circuit seeking review of the trial court's June 1, 2007, ruling.[35] While this writ application was pending, on September 11, 2007, Sam apparently filed another writ application seeking review of the trial court's refusal to set a return date.[36] The Louisiana Fifth Circuit granted the application in part for the sole purpose of vacating the trial court's August 16, 2007 order to allow for a return date to be set.[37] The trial court later set a return date of November 5, 2007.[38]

On October 29, 2007, the Louisiana Fifth Circuit issued its opinion addressing Sam's other pending writ application, filed August 30, 2007, seeking review of the June

---

[34]St. Rec. Vol. 2 of 12, Trial Court Order, 8/16/07; St. Rec. Vol. 3 of 12, Trial Court Order, 9/4/07.

[35]The record does not contain a file stamped copy of this writ application. *See* St. Rec. Vol. 3 of 12, Copy of 5th Cir. Writ No. 07-KH-662. The filing date appears on the face of the court's order and has been confirmed by a member of the court's staff with the office of the clerk for the Louisiana Fifth Circuit.

[36]The record does not contain a file stamped copy of this writ application. The filing date appears on the face of the court's order and has been confirmed by a member of the court's staff with the office of the clerk for the Louisiana Fifth Circuit.

[37]St. Rec. Vol. 3 of 12, 5th Cir. Order, 07-KH-709, 10/2/07.

[38]St. Rec. Vol. 3 of 12, Trial Court Order, 10/5/07.

1, 2007 denial of his post-conviction claims.[39]   The court held that it would not reconsider its two prior decisions regarding the trial court's refusal to require an opposition from the State.  The court also determined that Sam had altered the legal basis for his second claim, alleging denial of due process and equal protection, to base it instead on alleged malicious, vindictive and selective prosecution.  The court determined that because this was different from the legal basis presented to the trial court, the claim was not properly before it for review.  The court also affirmed the denial of relief on subparts 2, 3, 4, and 7 of Sam's ineffective assistance of counsel claim as meritless. Finally, the court remanded to the trial court subparts 1, 5, and 6 of the ineffective assistance of counsel claim, finding that the trial court erred when it did not address those claims on the merits.

On October 30, 2007, Sam filed another writ application with the Louisiana Fifth Circuit, apparently in response to the return date set by the trial court at the direction of the Louisiana Fifth Circuit.[40]   The Louisiana Fifth Circuit eventually denied the application on November 28, 2007, as repetitive and duplicative.[41]

---

[39]St. Rec. Vol. 3 of 12, 5th Cir. Order, 07-KH-662, 10/29/07.

[40]The record does not contain a file stamped copy of this writ application.  The filing date appears on the face of the court's order and has been confirmed by a member of the court's staff with the office of the clerk for the Louisiana Fifth Circuit.

[41]St. Rec. Vol. 3 of 12, 07-KH-861, 11/28/07.

In the meantime, the state trial court ordered briefing from the State on the three remanded claims, subparts 1, 5, and 6.[42]  While this was pending, Sam also filed a writ application with the Louisiana Supreme Court on December 28, 2007, seeking review of the Louisiana Fifth Circuit's October 29, 2007, order affirming the trial court's June 1, 2007, denial of relief on subparts 2, 3, 4, and 7 of the ineffective assistance of counsel claim.[43]

On January 10, 2008, after receipt of the State's opposition, the state trial court denied relief on subparts 1, 5, and 6 of the ineffective assistance of counsel claim, finding no merit under the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984).[44]  The court also considered Sam's late filed rebuttal to the State's opposition and declined to alter its ruling.[45]

The Louisiana Fifth Circuit denied Sam's subsequent writ application on April 22, 2008, finding no merit to subparts 1, 5, and 6, and declining to consider the "remaining

---

[42]St. Rec. Vol. 3 of 12, Trial Court Order, 11/2/07.

[43]St. Rec. Vol. 3 of 12, La. S. Ct. Letter, 2007-KH-2492, 12/28/07 (postal meter 11/26/07); St. Rec. Vol. 11 of 12, La. S. Ct. Writ Application, 2007-KH-2492, 12/28/07 (signed 11/26/07).

[44]St. Rec. Vol. 3 of 12, Trial Court Order, 1/10/08; State's Response, 12/20/07.

[45]St. Rec. Vol. 4 of 12, Rebuttal to the State's Response, 1/11/08; Trial Court Order, 1/23/08.

subclaims"[46] under La. Code Crim. P. art. 930.4(E) because they had not been previously raised.[47]  Sam did not seek further review of this ruling.

In the meantime, on April 15, 2008, Sam filed a second application for post-conviction relief in the state trial court, alleging that he was denied effective assistance of counsel and due process because counsel failed to raise prosecutorial misconduct, which denied him a fair and impartial trial as a result of malicious, vindictive and selective prosecution.[48]  The state trial court denied relief on June 5, 2008, finding the claims repetitive and the petition impermissibly successive under La. Code Crim. P. art. 930.4.[49]

The Louisiana Fifth Circuit denied Sam's subsequent writ application to that court, finding that Sam's second application for post-conviction relief was barred from review as untimely filed under La. Code Crim. P. art. 930.8.[50]  Sam did not seek further review of this order.

---

[46]The court did not delineate what it considered to be these other subclaims.

[47]St. Rec. Vol. 4 of 12, 5th Cir. Order, 08-KH-179, 4/22/08; St. Rec. Vol. 12 of 12, 5th Cir. Writ Application, 08-KH-179, 2/26/08 (postmarked 2/12/08).

[48]St. Rec. Vol. 4 of 12, Uniform Application for Post-Conviction Relief, 4/15/08 (signed 4/10/08).

[49]St. Rec. Vol. 4 of 12, Trial Court Order, 6/5/08.

[50]St. Rec. Vol. 4 of 12, 5th Cir. Order, 08-KH-588, 7/31/08.  The court also previously denied Sam's application for writ of mandamus as moot because the trial court had ruled on his second application for post-conviction relief.  St. Rec. Vol. 4 of 12, 5th Cir. Order, 08-KH-482, 6/24/08.

Instead, on August 12, 2008, he submitted a writ application, which was filed in the Louisiana Supreme Court on September 24, 2008, seeking reconsideration of his prior pro se writ applications to the Louisiana Fifth Circuit under the holding in State v. Cordero, 993 So.2d 203 (La. 2008).[51] Per the Cordero procedures, this writ application was transferred to the Louisiana Fifth Circuit.[52] The court denied relief and the issue has since returned for review before the Louisiana Supreme Court, where it remains pending under Case No. 09-700.[53]

In the meantime, on October 10, 2008, the Louisiana Supreme Court ruled on Sam's writ application, No. 2007-KH-2492, seeking review of the denial of relief on subparts 2, 3, 4, and 7 of Sam's ineffective assistance of counsel claim raised in his first application for post-conviction relief, which previously were denied as meritless by the state trial court and the Louisiana Fifth Circuit.[54] The court denied the application without reasons.

---

[51]The Cordero court addressed the alleged procedural improprieties and summary dismissal without judicial review of pro se post-conviction writ applications filed in that court. St. Rec. Vol. 11 of 12, La. S. Ct. Writ Application, 08-KH-2326, 9/24/08 (postmarked 8/12/08). The court directed that writs with questionable review history would be transferred to the Louisiana Fifth Circuit for reconsideration.

[52]State ex rel. Sam v. State, 993 So.2d 1264 (La. 2008).

[53]St. Rec. Vol. 11 of 12, 5th Cir. Order, 08-WR-897, 2/13/09; Copy of La. S. Ct. Writ Application, 09-700 (undated);. See Rec. Doc. No. 16, Amendment to Procedural History.

[54]State ex rel. Sam v. State, 993 So.2d 1276 (La. 2008); St. Rec. Vol. 11 of 12, La. S. Ct. Order, 2007-KH-2492, 10/10/08.

## II.   FEDERAL HABEAS PETITION[55]

On December 8, 2008, the clerk of this court filed Sam's petition for federal habeas corpus relief raising four grounds for relief:[56] (1) The conviction was obtained by use of a coerced confession because the confidential informant's tip was obtained in a pretext traffic stop in which the informant's statements were obtained after threats that he would be jailed. (2) The conviction was obtained by use of evidence gained during an unconstitutional search and seizure, where the officers' testimony was contradictory, the officer used a weapons pretext to seize cocaine from his pocket, and the officer manipulated the contents of the pocket to determine that it was contraband. (3) The conviction was obtained by use of evidence obtained pursuant to an unlawful arrest because the traffic stop was not supported by reasonable suspicion or probable cause, the

---

[55]I note that, although Sam submitted two prior petitions to this court, the instant petition is not a prohibited second or successive petition. The Fifth Circuit has consistently held that an adjudication on the merits is necessary before a subsequent petition is considered "second or successive." See Barrientes v. Johnson, 221 F.3d 741 (5th Cir. 2000)(when prior petition is dismissed without prejudice, subsequent filing is not successive) (citing Slack v. McDaniel, 529 U.S. 473 (2000)(subsequent filing not successive when prior filing was dismissed without prejudice)), cert. dism., 121 S.Ct. 902 (2001); Graham v. Johnson, 168 F.3d 762 (5th Cir. 1999) ("Under current law, however, it is clear that an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." (emphasis added)), cert. denied, 529 U.S. 1097 (2000). However, the Fifth Circuit has made clear that under AEDPA, "a prisoner's application is not second or successive simply because it follows an earlier federal petition." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). Sam's prior petitions were both dismissed without prejudice for failure to exhaust without adjudication on the merits. Barrientes, 221 F.3d at 741. The prohibition against second or successive petitions also does not apply to habeas petitions brought under other provisions, specifically Section 2241. See, Felker v. Turpin, 518 U.S. 651, 662-663 (1996); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000).

[56]Rec. Doc. No. 1; see also, Rec. Doc. No. 16, Amendment to Procedural History.

subsequent search therefore was illegal, and the evidence should have been suppressed. (4) Assistance of counsel was ineffective because counsel subjected him to violation of due process in that (a) the prosecutor engaged in prosecutorial misconduct through retaliation for filing a civil rights suit against the prosecutor, and (b) counsel failed to present any defense to the evidence presented at the motion to suppress to show malicious, vindictive and selective prosecution.

In further support of the ineffective assistance of counsel claim, Sam also argues the following:[57] (1) The State used perjured testimony at the motion to suppress hearing to support a showing of probable cause for the arrest and search. (2) The prosecutor committed numerous acts of misconduct. (3) The State altered its case. (4) The prosecutor threatened and intimidated witnesses. (5) The prosecutor only targeted Sam for trial based on his discretion. (6) The State prosecution was biased in retaliation for his exercise of his right to sue. (7) Counsel's cumulative errors violated his due process rights.

In the memorandum in support of his claim, Sam divides his assignments of error into four categories:[58] "I. Prosecutor misconduct. II. Denial of due process. III. Ineffective assistance of counsel. IV. Evidentiary Hearing." A thorough reading of his memorandum reflects that all of his claims ultimately assert ineffective assistance of

---

[57]Rec. Doc. No. 1, p. 8.

[58]Rec. Doc. No. 1-2, p. 9.

counsel for the reasons mentioned in his actual petition. Sam also concedes that his claims are interrelated in this way.[59]

Sam argues that he was subjected to prosecutorial misconduct because of ineffective assistance of counsel and his counsel's failure to object to the alleged malicious and manipulative actions of the prosecutor with respect to the presentation of misleading testimony and evidence to support the traffic stop and arrest. His references to denial of due process and "evidentiary hearing" also stem from counsel's alleged failure to challenge the prosecutorial misconduct and manipulation of information which allegedly led to denial of the motion to suppress. The claims are linked to petitioner's suggestion that he never received fair consideration and a hearing on his claims of malicious, vindictive and selective prosecution.[60] He also complains that he did not receive due process, i.e. adequate review of his post-conviction ineffective assistance of counsel claims (based on prosecutorial misconduct), and was denied a hearing on his post-conviction applications and on his Fourth Amendment claim challenging the arrest, search and seizure of evidence. Sam references his earlier arguments that the stop and arrest were not based on probable cause, i.e. the search of his pocket was outside of the scope of a weapons search.

---

[59]Rec. Doc. No. 1-2, p. 16.

[60]Rec. Doc. No. 1-2, pp. 21-22.

The State filed a response to Sam's petition, stating that it was uncertain if it had accurately determined what claims Sam was asserting and conceding that its response may not have addressed all of his claims.[61]  The State understood and addressed four claims:[62] (1) prosecutorial misconduct based on malicious, selective and vindictive prosecution; (2) denial of due process based on malicious, selective and vindictive prosecution; (3) ineffective assistance of counsel based on malicious, selective and vindictive prosecution; and (4) erroneous denial of the motion to suppress on grounds that there was no probable cause to arrest, the crack in his pocket was not immediately recognizable as a weapon, and the "denial of due process and equal protection based on the Cordero issue."

The State further argues that, based on its review and understanding of Sam's claims, the petition should be dismissed for failure to exhaust state court remedies. Specifically, the State argues that Sam has not exhausted remedies as to the claims of prosecutorial misconduct based on malicious, selective and vindictive prosecution, ineffective assistance of counsel based on malicious, selective and vindictive prosecution, and "the Cordero issue."[63]

---

[61]Rec. Doc. No. 12, p. 12, fn. 9.

[62]Rec. Doc. No. 12, p. 13.

[63]Rec. Doc. No. 12, pp. 18-20.

The State also argues that Sam's second claim, denial of due process based on malicious, selective and vindictive prosecution, is procedurally barred from review because it was not properly raised in the state appellate courts. Finally, the State argues that the fourth claim, alleging that the motion to suppress should have been granted, is barred from federal habeas review by Stone v. Powell, 428 U.S. 465 (1976).

In his reply to the State's opposition, Sam argues that he exhausted the claims of prosecutorial immunity, ineffective assistance of counsel and error in the denial of the motion to suppress.[64] He also argues that if his remaining claim, designated by the State as denial of due process based on malicious, selective and vindictive prosecution, was procedurally deficient and not exhausted, he wishes to withdraw the claim. In addition, Sam indicates that, contrary to the State's suggestion, he has not raised a Cordero claim in this court.[65]

III.    PETITIONER'S MOTION TO AMEND (REC. DOC. NO. 18)

After submitting his reply memorandum, Sam filed a motion to amend and clarify his petition by withdrawing his original supporting memorandum and replacing it with

---

[64]Rec. Doc. No. 17.

[65]Rec. Doc. No. 17, p. 7.

a proposed memorandum which lists or categorizes only two claims for this court to

review:[66]

    (I)    Ineffective assistance of counsel for failing to:

        (1)    argue malicious prosecution;
        (2)    make the State provide a factual basis for admitting into evidence unreliable information from the confidential informants made under threats during the traffic stop;
        (3)    object to the introduction of information from the confidential informants as involuntary;
        (4)    use at trial a defense witness's testimony from the motion to suppress;
        (5)    argue that he was being vindictively prosecuted;
        (6)    argue that he was being selectively prosecuted; and
        (7)    raise his pro se issues on direct appeal.

    (II)    Evidentiary hearing - he is entitled to an evidentiary hearing on his issues before this court.

In its written opposition to the motion to amend, the State argues that it has

already submitted a response to the original petition; therefore, the amendment would be

prejudicial and cause additional delay.[67]

Rule 11 of the Rules Governing Section 2254 Cases, permits application of the

Federal Rules of Civil Procedure in habeas cases "to the extent that [the civil rules] are

not inconsistent with any statutory provisions or [the habeas] rules." <u>Mayle v. Felix</u>, 545

U.S. 644, 654 (2005); <u>see also</u>, Fed. Rule Civ. P. 81(a)(2) (civil procedure rules "are

---

[66]Rec. Doc. No. 18.

[67]Rec. Doc. No. 21.

applicable to proceedings for . . . habeas corpus.")  In addition, 28 U.S.C. § 2242 specifically provides that habeas applications "may be amended . . . as provided in the rules of procedure applicable to civil actions."  Therefore, the court may apply Fed. R. Civ. P. 15 when considering motions to amend a habeas petition.  <u>Mayle</u>, 545 U.S. at 655.

Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires."  The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) evinces a bias in favor of granting leave to amend.  Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.  <u>Stripling v. Jordan Prod. Co.</u>, 234 F.3d 863, 872 (5th Cir. 2000) (quotations omitted) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Leffall v. Dallas Indep. Sch. Dist.</u>, 28 F.3d 521, 524 (5th Cir. 1994); <u>Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.</u>, 195 F.3d 765, 770 (5th Cir. 1999); <u>Dussouy v. Gulf Coast Inv. Corp.</u>, 660 F.2d 594, 597-98 (5th Cir. 1981)).  Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but such leave "is by no means automatic."  <u>Wimm v. Jack Eckerd Corp.</u>, 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted).  Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."  <u>Id.</u>

In this case, Sam seeks to streamline his claims and clarify the prolix memorandum submitted with his original habeas petition. Actually, the ineffective assistance of counsel claim outlined and discussed in his proposed memorandum is the same as the ineffective assistance of counsel appearing at question 12(d) on Pages 7 and 8 of Record Doc. No. 1, which is the form habeas corpus petition originally filed in this case. Thus, Sam's revised memorandum presents no new claim not already before this court.

The proposed amendment in effect limits his claims by withdrawing some of the claims and arguments which the State argues were either not exhausted or in procedural default. Sam concedes that his arguments regarding denial of due process for malicious, vindictive and selective prosecution are not procedurally proper and should be withdrawn. Thus, the principal effect of the amendment he asserts is to eliminate from this case claims which are meritless and present virtually no possibility of success.

In short, I disagree with the State that filing of the proposed, more concise amendment is prejudicial or dilatory. Sam is not altering the claims raised in his actual petition. He is instead streamlining the arguments asserted in his supporting memorandum, some of which were not properly before the court. Weighing the Rule 15 factors, I find no undue delay, bad faith or dilatory motive. The State is not unduly prejudiced by the amendment, which does not appear futile, and no prior amendments of this sort have been granted. Thus, Sam's motion to amend to allow him to withdraw

his prior memorandum (Rec. Doc. No. 1-2) and to file his amended memorandum attached to the motion (Rec. Doc. No. 18, p. 4) is GRANTED.

Sam has not specifically withdrawn any of the four claims listed in his original form petition (Rec. Doc. No. 1, p. 4-8). Considering the amendment permitted above, I find that the following six claims and arguments remain before the court for consideration:

(1)     The conviction was obtained by use of a coerced confession because the confidential informant tip was obtained during a pretextual traffic stop and the informants' statements were obtained after threats of being brought to jail.

(2)     The conviction was obtained by use of evidence obtained during an unconstitutional search and seizure, the officers' testimony was contradictory, a weapons pretext was used to seize cocaine from Sam's pocket, and the officer manipulated the contents of the pocket to determine that it was contraband.

(3)     The conviction was obtained by use of evidence obtained in an unlawful arrest because the traffic stop was not supported by reasonable suspicion or probable cause; therefore, the subsequent search was illegal and the evidence should have been suppressed.

(4)     He received ineffective assistance of counsel and his counsel subjected him to violation of due process because (a) the prosecutor engaged in prosecutorial misconduct through retaliation for filing a civil rights suit against the prosecutor, and (b) counsel failed to present any defense to the evidence presented at the motion to suppress hearing to show malicious, vindictive and selective prosecution.

(5)     He received ineffective assistance of counsel when counsel failed to (a) argue malicious prosecution; (b) make the State provide a factual basis for admitting into evidence unreliable information from the

confidential informants made under threats during the traffic stop; (c) object to the introduction of the information from the confidential informants as involuntary; (d) use at trial a defense witness's testimony from the motion to suppress hearing; (e) argue that he was being vindictively prosecuted; (f) argue that he was being selectively prosecuted; and (g) raise his pro se issues on direct appeal.

(6)     He did not receive hearings on his claims in the state courts and he is entitled to a hearing on the issues before this court.

## IV.    GENERAL STANDARDS OF REVIEW

AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[68] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Sam's petition, which, for reasons discussed below, is deemed filed in a federal court on November 24, 2008.[69]

---

[68]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[69]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Sam's petition was filed by the clerk of court on December 8, 2008, when pauper status was granted. Sam dated his signature on the petition on November 24, 2008, which I consider the earliest date he could have submitted it to prison officials for mailing.

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State alleges that Sam has failed to exhaust state court remedies as to several of the claims and arguments in his original petition and that at least one of his claims is procedurally barred from review in this court. Although the State has not supplemented its opposition to address the amended pleadings, the record still reflects that Sam has not exhausted available state court remedies, and his petition must be dismissed without prejudice for that reason.

V.    EXHAUSTION OF STATE COURT REMEDIES

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the <u>highest</u> state court." <u>Id.</u> (citing <u>Picard v. Connor</u>, 404 U.S. 270, 275-78 (1971)) (emphasis added). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999); <u>accord</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." <u>Whitehead</u>, 157 F.3d at 387 (citing <u>Picard</u>, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents <u>new legal theories</u> or <u>new factual claims</u> in his federal application." (emphasis added) <u>Id.</u> (citing <u>Nobles</u>, 127 F.3d at 420). It is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the Louisiana Supreme Court. <u>Baldwin v. Reese</u>, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

Thus, to have exhausted his claims in state court, Sam must have fairly presented the same claims and legal theories he urges in this federal court to the Louisiana Supreme

Court. The record reflects that Sam has failed to seek full and proper review in the Louisiana Supreme Court of several of his claims raised in this court.

As mentioned previously in this report, a thorough review of each of Sam's state court filings reflects that he has presented only four claims to the Louisiana Supreme Court in Writ Nos. 2005-K-2100 and 2007-KH-2492 for purposes of exhaustion:[70]

(1)     The Louisiana Fifth Circuit erred in relying on trial evidence to review the denial of the motion to suppress.

(2)     The Louisiana Fifth Circuit erred in not finding inconsistencies in Sergeant Harrison's testimony regarding the stop and the search and seizure.

(3)     The Louisiana Fifth Circuit erred in affirming the denial of the motion to suppress where there was no probable cause and the search was outside of the scope of a weapons search.

(4)     He received ineffective assistance of counsel because counsel failed to object to the introduction of involuntary confidential informant testimony, object to the State's introduction of coerced and extorted confidential informant statements, use a defense witness at trial to challenge the voluntariness of the confidential informant information

---

[70]The pretrial application taken pro se by Sam to the Louisiana Supreme Court, Writ No. 2003-KH-726, seeking pretrial review of the denial of the motion to suppress is not relevant to this court's exhaustion discussion. The United States Supreme Court has held that denial of a state pretrial application for review without an adjudication of the merits does not serve to exhaust available state remedies. Pitchess v. Davis, 421 U.S. 482, 488 (1975) (citing Ex parte Hawk, 321 U.S. 114, 116 (1944)). In this case, the Louisiana Fifth Circuit and the Louisiana Supreme Court did not review the merits of Sam's pretrial challenges to the search and seizure or the reliability of the confidential informant. Instead, Sam was told that he had an adequate remedy on appeal. Consequently, this pretrial writ application does not qualify as exhaustion of available state court remedies. Pitchess, 421 U.S. at 488; see Castille v. Peoples, 489 U.S. 346, 351 (1989) (a claim is not exhausted when it is not presented in the procedural context in which it would ordinarily be considered); accord Bloom v. McKune, 130 Fed. Appx. 229 (5th Cir. Apr. 13, 2005) (claims presented in post-trial motion but not pursued on direct appeal did not constitute exhaustion).

and supplement his appeal with the pro se claims regarding the credibility of the confidential informants.

Comparing these claims to those raised and argued here, Sam has not presented all of his claims to the Louisiana Supreme Court. Sam, in fact, has not raised to any state court the claim that his conviction was based on a coerced confession. He also did not pursue review in the Louisiana Supreme Court on his claims, which were arguably raised in the lower courts, that he received ineffective assistance of counsel based on counsel's failure to argue malicious, vindictive or selective prosecution.

Sam also did not argue to the Louisiana Supreme Court that his ineffective assistance of counsel claim arose from prosecutorial misconduct as a result of malicious, retaliatory, vindictive and selective prosecution, failure to present any defense to the evidence brought at the suppression hearing, failure to object to the State's use of perjured testimony at the suppression hearing, failure to object to the prosecutor's numerous acts of misconduct, failure to object to the State's altered case, failure to argue that the prosecutor threatened and intimidated witnesses, or that the cumulative errors of counsel violated due process. He also did not complete exhaustion of his claim regarding due process in the denial of evidentiary hearings throughout his proceedings.

Perhaps it is easier to point out that Sam has only exhausted the following claims and arguments presently before the court:

(1) (Claim No. 2) The conviction was obtained by use of evidence gained during an unconstitutional search and seizure, because the officer's

testimony was contradictory, the officer used a weapons pretext to seize cocaine from his pocket, and the officer had to manipulate the contents of the pocket to determine that it was contraband.

(2) (Claim No. 3) The conviction was obtained by use of evidence obtained pursuant to an unlawful arrest, where the traffic stop was not supported by reasonable suspicion or probable cause, therefore the subsequent search was illegal and the evidence should have been suppressed.

(3) (Claim No. 5(b), (c), (d), and (g)) He was denied effective assistance of counsel because his counsel failed to (a) make the State provide a factual basis for admitting into evidence unreliable information from the confidential informants made under threats during the traffic stop; (b) object to the introduction of information from the confidential informants as involuntary; (c) use at trial a defense witness's testimony from the motion to suppress; and (d) raise his pro se issues on direct appeal.

Therefore, Sam has again failed to exhaust available state court remedies as to all of the claims presented to this court. The presentation of the unexhausted claims renders this a mixed petition that should be dismissed for that reason. Whitehead, 157 F.3d at 387 (citing Nobles, 127 F.3d at 420).

The record discloses no good cause for Sam's failure to exhaust these claims and this court can find none in the record. Rhines v. Weber, 544 U.S. 269, 278 (2005). This petition therefore must be dismissed without prejudice to require Sam to exhaust available state court remedies. Pliler v. Ford, 542 U.S. 225, 233 (2004) (quoting Rose, 455 U.S. at 510); Whitehead, 157 F.3d at 387.

VI.    PETITIONER'S PARTIAL MOTION FOR SUMMARY JUDGMENT

Sam filed a Motion for Partial Summary Judgment in which he seeks judgment in his favor on the merits of the issues raised in his habeas petition as amended.  Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see Fields v. City of Southern Houston, 922 F.2d 1183, 1187 (5th Cir. 1991).  Because Sam has not exhausted state court remedies, he is not entitled as a matter of law to review of the merits of his claims or summary judgment in his favor.  The motion should be denied.

## O R D E R

**IT IS ORDERED** that Sam's Motion to Amend and Clarify Federal Habeas Corpus (Rec. Doc. No. 18) is **GRANTED** and the Clerk of Court shall file and docket a copy of the proposed memorandum and appendix attached to Rec. Doc. No. 18 into the record as the petitioner's Amended Memorandum in Support.

## RECOMMENDATION

It is **RECOMMENDED** that Joseph Sam's Motion for Partial Summary Judgment (Rec. Doc. No. 23) be **DENIED**.

It is further **RECOMMENDED** that Sam's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this _____9th_____ day of July, 2009.


JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE